Richardson, J.
dissenting. There are so many evil consequences, inevitably following, if a sheriff be allowed to resell the property he has before sold, because he was ignorant at the first sale of the true title of the owner, that I cannot concur in the opinion sanctioning..such a practice in this instance. The sheriff is the agent of plaintiff and defendant, and the auctioneer to sell and transfer the defendant’s possession, and apparent property, to the highest bidder, be the legal title what it may. If the supposed owner has no title, the bidder loses his money. “ Caveat emptor” is the rule of law. But in like manner, if the defendant has- a qualified or- full title, it passes to the purchaser. The rule works both ways, equally and fairly. In the present case there is no doubt of the sale, or of the proper conduct of Seth Daniel, *235 the highest bidder; and the only question is, whether there has been sufficient evidence of the sale to satisfy the Statute of Frauds, which requires written evidence of it, when there has been no delivery of the property sold.
What is the written evidence in this instance ? It is as follows, to wit: “It is admitted that Seth Daniel has tendered to me the purchase money, being six hundred and thirty-eight dollars, for the eighteen negroes which he bid off at sheriff’s sale, last sale day, at this place, sold as the property of James M. Loper, and named as follows: Yiney, Serena, Yiney, Hannibal, Julia, Charles, Jinsey, Hetty, Jack, Cynthia, Handy, Civility, George, Caesar, Lucy, Georgiana, Spencer, and Letty. The said purchase money has been tendered' to me several times, and he has offered to comply with the terms of the sale by paying for and taking the property. But I have been notified not to comply with the terms of sale on my part, on the ground of inadequacy of price, at which the property sold, and that Loper had an absolute estate ; and therefore have hitherto refused to comply. W. J. Harley.” •
This written instrument appears, to my understanding, to constitute a full, intelligible and candid statement of the actual sale of the negroes to Daniel ; of his offer to comply, and of the sheriff’s refusal for certain reasons ; as if intended to clear the case of the statute; and to put it to the judgment of the Court upon its merits exclusively.
But the reasons of the sheriff for not complying, to wit: that Loper had an absolute title to the negroes, and Daniel' bought them too cheap, are entirely insufficient in law for such non-compliance by the sheriff. Suppose Loper had no title at all j yet Daniel would have lost his money, in virtue of the rule of “ caveat emptor” just laid down. So now, e converso, he cannot be deprived of his good bargain ; and especially at the will of the sheriff.